JOAN WILSON & others[1] vs. COMMONWEALTH.

Barnstable. May 4, 1992. - August 11, 1992.

Present: WILKINS, ABRAMS, NOLAN, LYNCH, & GREANEY, JJ.

*Practice, Civil*, Complaint, Judgment on the pleadings. *Eminent Domain*, What constitutes taking. *Commonwealth*, Liability for tort. *Real Property*, Littoral property. *Beach. Wetlands Protection Act:*

In a civil action against the Commonwealth by owners of oceanfront property in Chatham, the trial judge incorrectly dismissed on the pleadings the plaintiffs' claims, seeking damages for the loss of their houses and property totally destroyed by an ocean storm, that were based on a theory of regulatory taking without compensation where, as a matter of law, the plaintiffs adequately alleged in the generality of their complaint a claim that, if there had been no improper delays in proceedings before the Department of Environmental Quality Engineering on their petition to construct a stone revetment, authorization of the revetment would have been granted in time to prevent the total destruction of their properties. [354-356, 357-358]

In a civil action against the Commonwealth by owners of oceanfront property in Chatham whose houses and property were totally destroyed by an ocean storm while their administrative appeal from the denial of their petition to construct a stone revetment was pending before the Department of Environmental Quality Engineering, claims that the department would have unlawfully denied the plaintiffs permission to construct a revetment [356-357], and that the department wilfully, or perhaps arbitrarily and capriciously, applied its regulations to the plaintiffs and imposed requirements on them for the purpose of assuring that the plaintiffs would not construct a revetment, knowing that it never intended to allow construction of a revetment [357], were inadequate to present a sound basis under the complaint for establishing an unlawful regulatory taking of property without compensation.

CIVIL ACTION commenced in the Superior Court Department on July 31, 1989.

[1]Ronald Wilson, Stephen Rolfe, Frederick Rolfe, and Elaine Rolfe.

The case was heard by *James J. Nixon*, J., on a motion to dismiss.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Nicholas B. Soutter* (*Paul S. McGovern* with him) for the plaintiffs.

*Madelyn Morris*, Assistant Attorney General, for the Commonwealth.

*Gregor I. McGregor*, for Massachusetts Association of Conservation Commissions, amicus curiae, submitted a brief.

*Richard S. Emmet*, for Conservation Law Foundation, amicus curiae, submitted a brief.

WILKINS, J. In January, 1987, a storm caused a breach in Nauset Beach off the coast of Chatham resulting, among other things, in the exposure of the coastline of portions of Chatham to higher tides and more destructive wave action than before the storm. Beginning in the fall of 1987, the plaintiffs and some of their Chatham neighbors, who owned property being eroded by the ocean, commenced law suits and administrative proceedings seeking permission to erect protective barriers to prevent the further erosion of their properties. On October 22, 1988, while the plaintiffs' administrative appeal from the denial of their petition to construct a stone revetment was pending before the Department of Environmental Quality Engineering (now the Department of Environmental Protection), their houses were destroyed by the sea. According to the plaintiffs' complaint, their properties are now worthless as a result of the destructive action of the ocean. For the purposes of this appeal, we must accept this allegation as true.

The plaintiffs commenced this action on July 31, 1989, claiming monetary damages on the ground that the Commonwealth had acted negligently and unlawfully and had made a regulatory taking of their properties. A judge in the Superior Court allowed the Commonwealth's motion to dismiss the complaint under Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974). The Appeals Court affirmed as to all counts of the complaint except those alleging a taking. *Wilson* v. *Com-*

*monwealth*, 31 Mass. App. Ct. 757 (1992). As to the taking claim, the Appeals Court reversed and remanded the case for further proceedings. We granted the Commonwealth's application for further appellate review to consider its claim that, as a matter of law, the circumstances disclosed by the pleadings could not constitute a regulatory taking.[2]

Our interest in taking the case for further appellate review was to determine whether we could identify circumstances, within the scope of the complaint, in which the action or inaction of the Commonwealth could amount to a regulatory taking of the plaintiffs' properties. The Commonwealth's principal argument is that the administrative process had not been completed when the ocean destroyed the plaintiffs' homes and that, without a final agency decision, it is impossible to determine that application of the regulatory process amounted to a taking of the plaintiffs' properties. Our task has been complicated by a complaint that the Appeals Court accurately characterized as "confused" (*id.* at 758) and by briefs for the plaintiffs, both in the Appeals Court and in this court, that fail to identify precisely what action or inaction by the Commonwealth constituted the alleged taking.[3]

In an action claiming that the Commonwealth caused compensable losses to the plaintiffs by application of the requirements of statutes and regulations, a complaint should surely be more informative. But, as the Appeals Court noted (*id.* at 758 n.2), the Commonwealth did not raise the issue of

---

[2]We shall not deal with the issues that the Appeals Court decided adversely to the plaintiffs. Those issues are fully before this court because of our allowance of the Commonwealth's petition for further appellate review. In their supplemental brief to this court, the plaintiffs do not contest the Appeals Court's conclusions on these other issues. We agree with the Appeals Court's disposition of those issues.

[3]The allegation of count four of the complaint that the Commonwealth's refusal to allow the plaintiffs to protect their properties amounts to an actual taking is a most general assertion. So is the allegation of count five that the Commonwealth's application of G. L. c. 131, § 40 (1990 ed.), to the plaintiffs' properties resulted in the total destruction of the properties and was an actual taking. We commend the Appeals Court for an opinion that raised the level of analysis of the taking issue well above that offered by the plaintiffs' Appeals Court brief.

the complaint's failure to make a plain statement of the taking claim or claims. We, therefore, undertake to define, in general terms, the limits of any possibly valid taking claim within the allegations of the complaint. We conclude that, as a matter of law, the complaint in one respect states a claim of a regulatory taking sufficient to survive a motion to dismiss.

We identify three taking claims that the complaint arguably adumbrates. It may be claimed that, if there had been no improper delays in the agency proceedings, authorization of the revetment would have been granted in time to prevent the total destruction of the plaintiffs' properties. This theory requires proof, among other things, that the department ultimately would have granted permission for the revetment, that the revetment would have been built, that the delay was due to unreasonable agency action, and that a favorable department decision within a reasonable time would have resulted in saving the plaintiffs' properties from total destruction. Generally, courts have rejected claims that, because an agency did not act more quickly on an application, a State or a State agency took a landowner's property. See, e.g., *Moore* v. *Costa Mesa*, 886 F.2d 260, 263-264 (9th Cir. 1989), cert. denied, 496 U.S. 906 (1990); *Bello* v. *Walker*, 840 F.2d 1124, 1131 (3d Cir.), cert. denied, 488 U.S. 868 (1988). These cases, however, have involved claims of temporary takings of property in circumstances in which the property was not totally deprived of its value, while we are concerned here with the alleged total destruction of property due to agency delay.

We believe that this claim is adequately alleged in the generality of the complaint. We agree with the Appeals Court that the plaintiffs' taking claims do not fail in all respects simply because the administrative process was not completed before the properties were made worthless. See *Wilson* v. *Commonwealth*, 31 Mass. App. Ct. 757, 766-767 (1992). Unreasonable agency delay itself would be the basis for the failure to complete the agency proceeding and allegedly would be the cause of the taking. It would be illogical to

permit the agency's own alleged dilatory practices to justify the dismissal of the taking claim for the reason, asserted by the Commonwealth, that departmental proceedings were not completed.

A second taking claim that may be alleged within the broad generality of the complaint is that the department would have unlawfully denied the plaintiffs permission to construct a revetment. The Supreme Court of the United States has generally denied landowners the right to challenge land use regulations as takings until they have shown that available legal processes, not yet used, will not eliminate the alleged taking. See *MacDonald, Sommer & Frates* v. *County of Yolo*, 477 U.S. 340, 351 (1986); *Williamson County Regional Planning Comm'n* v. *Hamilton Bank*, 473 U.S. 172, 190-191 (1985). Here, after the houses were destroyed, the plaintiffs voluntarily terminated their administrative appeal from the decision to deny permission to build a revetment. We cannot, therefore, know what the final agency decision would have been.

On this second theory, the plaintiffs would have to establish, among other things, that without adequate reason for such governmental control, the department would not have granted them permission to construct the revetment.[4] We reject as a basis for a taking claim the destruction of property by natural forces while an administrative procedure is following its normal, reasonable course, even where it is claimed hypothetically that the agency, without lawful justification, would have denied the property owner's request for permission to take action to save the property, if the administration process had been completed. A requirement that a person

---

[4] If the department would have seasonably granted permission to construct the revetment, there would have been no taking. If the department would have denied such permission for reasons that negate a taking, there would have been no taking. Thus, the only theory under which the plaintiffs could prevail in this second taking claim would be based on a claim that the department, after any appeals from its action, would have denied the plaintiffs the right to construct a revetment, without justification, where the denial would have caused a total loss of the value of the plaintiffs' properties.

follow administrative procedures for obtaining a permit is not a taking of property (*United States* v. *Riverside Bayview Homes, Inc.*, 474 U.S. 121, 127 [1985]), and the fact that the agency might have unlawfully denied the permission makes no difference.[5] This second possible claim does not present a sound basis under the complaint for an unlawful taking of property without compensation.

The third taking claim that may be asserted within the complaint is that the department wilfully, or perhaps arbitrarily and capriciously, applied its regulations to the plaintiffs and imposed requirements on them for the purpose of assuring that the plaintiffs would not construct a revetment, knowing that it never intended to allow construction of a revetment. This third taking claim could be viewed as an egregious form of the second taking claim. A basis for this third claim is not adequately set forth in the complaint.[6]

It is doubtful that the opinion of the Court in *Lucas* v. *South Carolina Coastal Council*, 112 S. Ct. 2886 (1992), and the divergent views of four Justices who did not join in

---

[5]It is far from clear that the department would have denied the plaintiffs permission to build the revetment. If land is "coastal dune," as defined in 310 Code Mass. Regs. § 10.28 (2) (1989), a revetment can be constructed if the coastal dune is determined not to be significant to storm damage prevention, flood control or the protection of wild life habitat. If property property is "coastal bank," as defined in 310 Code Mass. Regs. § 10:30 (2) (1989), somewhat similar but less strict conditions apply to the right to construct a structure. Finally, the commissioner of the department can waive any such regulatory restriction, following an adjudicatory hearing, if a waiver "is necessary to avoid an Order that so restricts the use of property as to constitute an unconstitutional taking without compensation," and if certain other conditions also are met. 310 Code Mass. Regs. § 10:36 (1989).

[6]It is not clear that the complaint makes a facial challenge to specific regulations of the department as unlawful or as making a taking, nor is it clear that the plaintiffs assert that specific regulations as applied to them constituted a taking. In assessing whether administrative delays are the fault of the department, one would have to recognize that facial or as applied challenges to the regulations could have been pressed in a Superior Court action months before the ocean overran the houses on the plaintiffs' properties. In any event, the normal result of the unlawfulness of a regulation, facially or as applied, would be the invalidation of the regulation, not an award of monetary damages.

that opinion, will provide assistance in the resolution of this case. That case, as the Supreme Court dealt with it, involved a regulation barring the construction of permanent habitable structures on Lucas's beachfront properties, thereby, as found by the trial judge, making the properties valueless. The case did not involve any administrative proceedings concerning the use of the property, the total loss of the value of the property due to natural forces while such proceedings were pending, or any alleged dilatory agency conduct. The case before us, far more than the *Lucas* case, involves the question whether the government may bar or limit a landowner from making a particular use of property that may adversely affect the interests of other property owners and of the Commonwealth. Moreover, here, unlike the *Lucas* case, the governmental regulation did not by itself make the landowner's property valueless.

The judgment on the taking claim is reversed, and the case is remanded for further proceedings consistent with this opinion. In all other respects the judgment is affirmed.

*So ordered.*