Sosman, J.
Plaintiff Poseo Investment Corp. (Poseo) has brought the present action complaining of damage to its properly allegedly arising out of the relocation and reconstruction of the Bemis Road bridge in Fitch-burg, Massachusetts. In Count I of its complaint, Poseo seeks to recover compensation from the Commonwealth under G.L.c. 79, 12 for the alleged taking of or damage to its property. Poseo has also brought claims in negligence (Counts II and III), trespass (Counts VI and VII) and nuisance (Counts X and XII) against both the Commonwealth and the City of Fitch-burg.
The Commonwealth and the City have filed motions for summary judgment with respect to the Counts against them. For the following reasons, the City of Fitchburg’s motion is allowed and the Commonwealth’s motion is allowed in part and denied in part.
Facts
Poseo owns two parcels of land comprising 24.9 acres in the City of Fitchburg. The two parcels are split by a small strip of land belonging to the Fitchburg Gas & Electric Company. Poseo has an easement across that strip of land to connect the two parcels. The land *51 is vacant and is zoned for industrial use. Poseo claims that its intention in acquiring the land was to develop the property for industrial use.
One of the parcels owned by Poseo fronts on Route 12 (Water Street) and has access to Route 12. The other parcel fronts on and has access to Bemis Road. By way of its easement, Poseo can have access from either parcel to either Route 12 or to Bemis Road.
Prior to the events giving rise to this lawsuit, the parcel fronting on Bemis Road had 110 feet of frontage. However, approximately 65 to 70 feet of that frontage was within the area of the Nashua River, leaving Poseo with some 35 to 40 feet of usable frontage on Bemis Road. From Bemis Road, there was a fire access driveway spanned by a 16 foot chain link fence gate.
In 1987, a storm destroyed the Bemis Road bridge, which had spanned the Nashua River along the edge of Posco’s property. As part of the rebuilding of the bridge, the Massachusetts Department of Public Works (now the Massachusetts Highway Department) and engineers from the City of Fitchburg relocated the bridge and a portion of Bemis Road slightly further to the east. As a result of this relocation, the Poseo parcel has lost its frontage on Bemis Road. The boundary of the Poseo property now fronts on the small strip of land (presumably owned by either the state or the city) that separates it by a few feet from the actual edge of the newly relocated Bemis Road.
The relocation of the road has not affected the fire access driveway to the Poseo property. The driveway remains, at the same width, and leaves Poseo with access to the newly relocated Bemis Road.
Poseo complains that the relocation of the bridge and the road have caused a loss of access to the property and a loss of frontage on Bemis Road. Plaintiff contends that the loss of frontage now prevents the subdivision of the property as originally planned. Poseo also complains of the erection of a 40-foot chain link fence, the placement of “rip rap” stone along the southerly bank of the river, the removal of three ash trees, the placement of concrete on the driveway, and the removal of an existing guardrail.[1]
Discussion
I. Count I: Eminent Domain
The Commonwealth has moved for summary judgment on the claim under G.L.c. 79, 10 and 12, arguing that there is no compensation for relocation of a road as long as the property owner still has reasonable access to the property. See Malone v. Commonwealth, 378 Mass. 74 (1979). In Malone, plaintiffs complained that the relocation of a highway that had previously run right by their gift shop had diminished the commercial value of their property. While the property was still accessible via an access road off the newly relocated highway, the shop was obviously not as visible or convenient to travelers on the highway. The court ruled that the mere diversion of traffic, without substantial impairment of physical access, was not a form of compensable injury. 378 Mass. at 78-80.
Poseo still has access to both parcels of property, via both Route 12 (Water Street) and Bemis Road. The fact that the Bemis Road fire access driveway must now first traverse a few feet of public land, over a few additional feet of paved way, obviously does not deprive Poseo of access to the property. The Commonwealth is correct in its assertion that there has not been the kind of deprivation of access necessary to trigger a claim for compensation.
However, the fact that Poseo has not lost access to the property does not address the issue of Posco’s allegedly substantial loss of frontage. Under the eminent domain statute, a property owner is entitled to compensation if his real estate “has been taken for the public use or has been damaged by the construction, maintenance, operation, alteration, repair or discontinuance of a public improvement” and that taking or damage has resulted in “an injury for which he is entitled to compensation.” G.L.c. 79, 10.
In the present case, there has been no “taking” of the Poseo property in the traditional sense of that term. There has been no transfer of title from Poseo to any governmental entity, nor has there been any permanent government occupation of the property. See Wilson v. Commonwealth, 31 Mass.App.Ct. 757, 764, aff'd, 413 Mass. 352 (1992). Poseo contends, however, that its property has been “damaged” by the loss of frontage that it previously enjoyed.
No Massachusetts case has yet addressed the issue of whether loss of frontage resulting from a public improvement is a compensable form of damage to property. In Malone, the court did observe that the plaintiffs property had the same amount of frontage on the access road that it had previously enjoyed on the highway. 378 Mass. at 81. The court’s listing of that fact among its list of reasons for not awarding relief to the plaintiffs in Malone is at least some indication that maintaining roughly the same amount of frontage before and after some public improvement is of significance in determining whether the property has suffered compensable damage as a result of that improvement.
Here, plaintiff alleges a drastic loss of frontage such that property that was formerly eligible for subdivision is no longer eligible. In modern zoning and land use regulation, frontage requirements are both common and inflexible. If a property has sufficient frontage for a particular use and then loses that frontage as a result of some relocation of the road, there may be no substitute or alternative available to the landowner. In cases involving access, there are normally alternatives for access which, while not as efficient or profitable as the former route(s), are sufficient such that the landowner has not been deprived of his property. See *52 Malone, supra. By comparison, loss of the frontage necessary to obtain approvals for certain uses is not simply less convenient or less profitable for the landowner. It can, depending on the requirements in local land use ordinances and the facts of the case, amount to an absolute prohibition on certain uses of the land.
Here, plaintiff contends that the loss of frontage on one parcel has had the consequence of an absolute prohibition on his planned use of the land. For purposes of the present motion, the court must accept as true the plaintiffs expert’s affidavit to that effect.[2] Assuming that there has been such a drastic loss of frontage and such drastic land use restriction as a result, the court is not willing to rule that, as a matter of law, such a loss is not a form of compensable “damage” to Posco’s property.[3]
II. Counts II and III: Negligence
Poseo also seeks to recover damages for alleged negligent design, construction and maintenance of the new Bemis Road bridge. The Commonwealth and the City assert that the decision to relocate the bridge and its corresponding roadway was a discretionary function for which they may not be sued in tort. G.L.c. 258, 10(b). See Drivas v. Barnett, 24 Mass.App.Ct. 750, 756-57 (1987) (town’s design of intersection is discretionary function).
The decision to relocate the Bemis Road bridge, along with the redesign of the connecting roadway, is discretionary. Pursuant to G.L.c. 258, 10(b), the Commonwealth and the City may not be sued in negligence for that decision and design.
III. Counts VI and VII: Trespass
Poseo also complains that defendants trespassed on its property. Trespass is a form of intentional tort. See United Electric Light Co. v. Deliso Construction Co., 315 Mass. 313, 318 (1943). The Massachusetts Tort Claim Act excludes claims against public employers based on intentional torts. G.L.c. 258, 10(c); Connerty v. Metropolitan District Commission, 398 Mass. 140, 149 n.8 (1986). Accordingly, Poseo may not bring a claim for trespass against either the Commonwealth or the City.
IV. Counts X and XII: Nuisance
Poseo complains that the work on the Bemis Road bridge project caused an accumulation of dust, noise and traffic, for which plaintiff brings a claim in nuisance. Both the Commonwealth and municipalities máy be held liable for private nuisance. See Morash & Sons, Inc. v. Commonwealth, 363 Mass. 612 (1973).
However, where the legislature has authorized particular activity, that authorized activity can not form the basis of a nuisance claim. “The invasion of the airspace over underlying land by noise, smoke, vibration, dust and disagreeable odors, having been authorized by the legislative department of the government and not being in effect a condemnation of the property although in some measure depreciating its market value, must be borne by the landowner without compensation or remedy.” Hub Theaters, Inc. v. Massachusetts Port Authority, 370 Mass. 153, 155-56 (1976). See also Sawyer v. Davis, 136 Mass. 239, 241-42 (1884).
The legislature has authorized the Massachusetts Highway Department to maintain and repair state roads and highways. G.L.c. 81, 13 et seq. By its very nature, repair and reconstruction of roads involves temporary infliction of noise, dust and traffic congestion on nearby properties. In the present case, plaintiff has alleged nothing beyond the ordinary and temporary unpleasantness that attends such construction projects.[4] In other words, plaintiff has suffered nothing beyond what the legislature has already envisioned and authorized when it authorized the type of repair work that was performed in this case.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Motion for Summary Judgment of Defendant Commonwealth of Massachusetts be DENIED as to Count I and that the Motion for Summary Judgment of Defendant Commonwealth of Massachusetts and the Motion for Summary Judgment of Defendant City of Fitchburg be ALLOWED as to Counts II, III, VI, VII, X and XII.

From the affidavits and diagrams submitted, it is unclear whether plaintiff is alleging that these changes occurred on its property or whether plaintiff is merely alleging that the contractor(s) came on to Poseo property at the time that work was done on these items.

It remains to be seen at trial whether the effect is indeed as drastic as plaintiff contends. Given that the strip of land that separates the boundary of the Poseo property from the edge of the newly relocated Bemis Road is only a few feet wide, and given that there is still physically enough room to construct a connecting road from Bemis Road onto the Poseo property, various solutions to Posco’s problem would appear possible with some cooperation from the City. What the City is or is not willing to do by way of deeds, easements or zoning relief that could restore to Poseo the functional equivalent of its lost frontage is not before the court on the present motion.

Given the court’s analysis, it is not necessary to address plaintiffs alternative theory that the other minor incursions onto its property allow it to recover for the full range of damage allegedly flowing from the road relocation. See Roman Catholic Bishop of Springfield v. Commonwealth, 378 Mass. 381 (1979).

Moreover, inasmuch as the Poseo land was vacant and unused throughout the period of construction on Bemis Road, no injury could have been inflicted on Poseo during this temporary “nuisance.”