Toomey, J.
The plaintiffs, Eugene M. Novak (“Novak”) and Christine M. Florio (“Florio”) have filed suit against the defendants, the Department of Environmental Protection (“DEP”) and Edwin J. Furman (“Furman”). The plaintiffs are seeking money damages for alleged violations of their substantive due process rights and their equal protection rights under the State and Federal Constitution. The DEP is before this court seeking judgment on the pleadings. Pursuant to the provisions of Mass. R. Civ. P. 12(c), this court is treating the DEP’s motion as one for summary judgment. For the reasons stated below, the DEP’s motion for summary judgment is allowed.
*135 BACKGROUND
In 1993, the plaintiffs filed a notice of intent pursuant to the Wetlands Protection Act, G.L.c. 131, §40, with the Conservation Commission of Newbury (“Commission”) to construct a residential dwelling at 58 Northern Boulevard in Newbury on a barrier beach/primary dune on Plum Island. On July 27, 1993, the Commission issued an Order of Conditions to the plaintiffs with certain special conditions. Thereafter, Furman, who owned neighboring property located on 64 Northern Boulevard in Newbury, filed a request with DEP for a “Superseding Order of Conditions.” The DEP dismissed Furman’s appeal because he failed to give proper notice to the plaintiffs as required by DEP regulations.
On January 13, 1994, Furman filed an appeal of DEP’s dismissal notice and requested a hearing. On March 22, 1994, the DEP sent the plaintiffs a notice pursuant to 310- C.M.R. §10.05(7)(k), that no work should begin on the building site pending the outcome of Furman’s appeal.[3] On March 24, 1994, the plaintiffs filed a motion to dismiss Furman’s appeal and requested a hearing before the DEP.
OnOctober21, 1994, the Administrative Law Judge (“ALJ”) denied the plaintiffs’ motion to dismiss, finding that Furman had standing to request a Superseding Order of Conditions and on February 22, 1995, the DEP issued a Superseding Order of Conditions. On September 1, 1995, this court pursuant to G.L.c. 30A, reversed the ALJ’s decision of October 24, 1994 and ordered the DEP to dismiss the Request for Superseding Order of Conditions filed by Furman and enjoined the DEP from preventing or otherwise interfering with the performance of work on the plaintiffs’ property pursuant to the order of conditions as issued by the Newbury Conservation Commission. Novak v. Department of Environmental Protection, Worcester Superior Court, Civil Action No. 94-2511 (September 1, 1995) (Sosman, J.).
On April 6, 1994, the plaintiffs filed this present action and the defendants moved to dismiss the original complaint. After the plaintiffs amended their complaint two times, the court heard the defendants’ motions to dismiss. On November 3, 1994, this court (Butler, J.) dismissed, with prejudice, certain of plaintiffs’ claims against DEP, to wit, those that alleged violations of 42 U.S.C. §1983 and the state civil rights act, G.L.c. 12, §111. [3 Mass. L. Rptr. No. 15, 321 (April 10, 1995).]
The DEP now moves for judgment on the pleadings with respect to the remaining counts against it. In ruling on that motion, this court will address the claims against the DEP alleging equal protection and substantive due process violations. The court will also address plaintiffs’ claims for procedural due process violations and regulatory taking in violation of the Fifth Amendment and Article 10 of the Massachusetts Declaration of Rights.[4]
STANDARD OF REVIEW
Mass.R.Civ.P. 12(c) provides that “(a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.” The effect of such a motion is to “challenge the legal sufficiency of the complaint.” Burlington v. District Attorney for N. Dist., 381 Mass. 717, 717-18 (1980). The Rule also authorizes the court to treat a motion for judgment on the pleadings as a motion for summary judgment. The circumstances at bar warrant such treatment of the instant motion. We shall proceed, therefore, pursuant to Mass.R.Civ.P. 56.
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not have the burden of proof at trial, the moving party’s summary judgment burden may be met either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991). Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of triable issue, the parly opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, supra at 17.
THE STATUTORY STRUCTURE
The Wetlands Protection Act (“WPA”) was enacted to promote certain public interests, including flood control and storm damage prevention. G.L.c. 131, §40. The WPA provides in pertinent part that no person may alter a coastal resource area, unless he has filed a notice of intent with the local Conservation Commission and obtained either an order of conditions from the Commission or a superseding order from the DEP allowing the alteration. Id. The purpose of this requirement is to give the Commission and the DEP opportunity to determine whether (1) the coastal area is significant to one or more interests of the WPA, including flood control and storm damage prevention, and, if so, (2) whether altering the resource area will adversely affect these interests. Id.
The DEP regulations provide for the Commission and the DEP to issue orders insuring that the proposed project complies with the performance standards set out in the wetlands regulations. See 310 C.M.R. § 10.05(6)(b). The regulations also provide that certain parties have standing pursuant to 310 C.M.R. *136 § 10.05(7)(a) to appeal the DEP’s actions and to request an adjudicatoiy hearing. See 310 C.M.R. §10.05(7)(j). These parties are (1) the applicant; (2) the owner, if not the applicant; (3) any person aggrieved by an Order; (4) any owner of land abutting the land on which the work is to be done; (5) any ten residents of the city or town where the land is located; and (6) the DEP. Id.
No work may be undertaken at the site during the pendency of an appeal. 310 C.M.R. §10.05(7)(k). The appeal is an adjudicatory hearing that concludes the administrative process and results in a final order based on the wetlands regulations. A party may thereafter appeal the outcome to the Superior Court in accordance with the Administrative Procedure Act, G.L.c. 30A, §14.
DISCUSSION
On November 3, 1994, this court (Butler, J.) dismissed, with prejudice, the plaintiffs’ claims against DEP for violations of 42 U.S.C. §1983 and the state civil rights act, G.L.c. 12, §111. [3 Mass. L. Rptr. No. 15, 321 (April 10, 1995).] The court’s ruling was based on Will v. Michigan Department of State Police, 491 U.S. 58, 64 (1989) (the state is not a ‘person’ within the meaning of 42 U.S.C. §1983) and Commonwealth v. ELM Medical Laboratories, Inc., 33 Mass.App.Ct. 71, 76 (1992) (the Commonwealth is not a ‘person’ for purposes of G.L.c. 12, §§11H and 111). Therefore, the issues of defendant characterization need not be addressed here.
The plaintiffs claim that the delay in construction due to the pendency of the appeal violated their substantive due process rights. There is, however, no merit to claims for violations of substantive due process grounded on state agency delays in processing claims. In PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28 (1st Cir. 1991), the plaintiff alleged that a state agency violated its rights to substantive due process by its arbitrary and capricious refusal to process its approved construction drawings. Id. at 31. In rejecting that claim, the First Circuit Court of Appeals pointed out that:
This Court has repeatedly held, however, that rejections of development projects and refusals to issue building permits do not ordinarily implicate substantive due process. (Citations omitted). Even where State officials have allegedly violated state law or administrative procedures, such violations do not ordinarily rise to the level of a constitutional deprivation. (Citation omitted).
Id. See also Chiplin Enterprises, Inc. v. City of Lebanon, 712 F.2d 1524, 1528 (1st Cir. 1983) (“Amere bad faith refusal to follow state law in such local administrative matters simply does not amount to a deprivation of due process where the state courts are available to correct the error”).
Relief is available on account of substantive due process violations in “truly horrendous situations,” but “the threshold for establishing the requisite ‘abuse of government power’ is a high one indeed.” Licari v. Ferruzzi, 22 F.3d 344, 350 (1st Cir. 1994), citing Nestor Colon Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 45 (1st Cir. 1992). In the present case, the DEP’s conduct — to wit, accepting Furman’s appeal and thereby occasioning a construction delay of seventeen months — is not sufficiently “conscious-shocking” to violate the plaintiffs’ due process rights. See, generally, Rosenfeld v. Board of Health of Chilmark, 27 Mass.App.Ct. 621, 627-28 (1980).
The plaintiffs’ claim for violation of equal protection must also fail. The First Circuit[5] has rejected equal protection claims based on assertions by disgruntled building permit applicants that they were treated differently from similarly situated applicants. Nestor Colon, supra at 44-45. Meritorious equal protection claims may be presented if they assert “invidious discrimination” such as racial or gender classifications or an “egregious abuse of power.” PFZ Properties, supra at 33; see also Klein v. Catalaro, 386 Mass. 701, 717 (1982) (with respect to “policy determinations . . . in the local sphere, it is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with the Fourteenth Amendment.” [Emphasis in the original].) No such unconstitutional classifications are asserted here and the seventeen month delay is not an “egregious abuse of power” for equal protection purposes.
Next, the plaintiffs claim that the seventeen month delay resulted in a regulatory “taking” under the Fifth Amendment and Article 10 of the Massachusetts Declaration of Rights. The Fifth Amendment to the United States Constitution prohibits the taking of private property for public use without just compensation. Similarly, Article 10 of the Massachusetts Declaration of Rights provides that “no part of the property of any individual can, with justice, be taken from him or applied to public use, without his own consent... and whenever the public exigencies require, the property of any individual should be appropriated to public uses, he should receive a reasonable compensation therefor.” Having received no compensation for the “taking” at bar, plaintiffs claim a violation of both their federal and state constitutional rights.[6]
A regulatory taking is compensable, without specific inquiry into the public interest advanced in support of the regulation at issue, where the regulation prohibits all economically beneficial use of the property. Lucas v. South Carolina Coastal Council, 112 S.Ct. 2886, 2893 (1992). Further, a regulation which does not deprive a property owner of all economically beneficial use of his land may nonetheless constitute a regulatory “taking” if a balancing of the character of the government action, the regulation’s impact on the property as a whole, and the extent to which the regulation has interfered with the property owner’s investment-backed expectations suggests that a “tak *137 ing” has occurred. Penn Central Transp. Co. v. New York City, 98 S.Ct. 2646, 2659 (1978); Lucas, supra at 2895; Steinbergh v. Cambridge, 413 Mass. 736, 743 (1992). Neither kind of “taking” is demonstrated at bar. The WPA provides that no person may alter a coastal resource area unless he or she files a notice of intent with the Commission. The requirement serves to give the Commission and the DEP opportunity to determine whether alteration of the coastal area will adversely affect WPA interests such as storm damage prevention and flooding. G.L.c. 131, §40. The regulations . also provide standing for certain parties aggrieved by an order to appeal to the DEP and request an adjudicatory hearing. In this case, the seventeen month delay in construction is part of a necessary process for the protection of the coastal property of this Commonwealth. Plaintiffs loss, if such it were, was the seventeen month use of their property, not a significant deprivation of all or part of the economically beneficial use of the property.
The Commonwealth or, in this case, the DEP might be liable, pursuant to G.L.c. 131, §40, for any taking. Hamilton v. Conservation Commission of Orleans, 12 Mass.App.Ct. 359, 369 (1981). However, “[generally, courts have rejected claims that, because an agency did not act more quickly ... a state or a state agency took a landowner’s property.” Wilson v. Commonwealth, 413 Mass. 352, 355 (1992).[7] See, also, Steinbergh v. Cambridge, 413 Mass. 736, 743 (1992). The instant plaintiffs’ claim for compensation is not compelling, based as it is upon a regulatory “taking” consisting of the seventeen month delay they experienced in commencing construction on their beachfront property due to their neighbor’s appeal to the DEP.. The deprivation they suffered is not the sort of “taking” that the law envisions as compensible.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment be ALLOWED.

 The Code of Massachusetts Regulations provides, in relevant part, that: “No work shall be undertaken until all administrative appeal periods from an Order have elapsed or, if such an appeal has been taken, until all proceedings before the Department have been completed.” 310 C.M.R. §10.05(7) (k).

 “tyhese “remaining” claims were dismissed by Butler, J. without prejudice, because they were not ripe when the defendants’ motion to dismiss was heard. However, in light of the September 1, 1995 decision by Sosman, J. [4 Mass. L. Rptr. No. 21, 452 (January 15, 1996)], on plaintiffs’ G.L.c. 30A appeal, supra, the remaining issues are now ripe for judicial review and, in the interests of judicial economy, they will be addressed by this court. See Riley v. Presnell, 409 Mass. 239, 242 (1991) (“[TJhe power to reconsider an issue remains in the court until final judgment. . .”).

 State standards of review are the same as those that obtain in federal analyses. MacInnis v. Comm'r of Public Welfare, 412 Mass. 790, 798 (1992).

 Massachusetts courts employ the standards of the Fifth Amendment in applying the state “takings” clause. See Steinbergh v. Cambridge, 413 Mass. 736, 738 (1992).

 In Wilson, the Supreme Judicial Court stated that a regulatory taking may occur when an unreasonable agency delay in processing an application results in the total destruction of the property. The Wilson scenario is not before this court because there has not been any destruction of property due to the delay.