Toomey, J.
The plaintiff, Huong Nguyen, filed this complaint pursuant to G.L.c. 30A, §14 seekingjudicial review of a decision by the Department of Transitional Assistance (the “Department”) which had found that she was not eligible for Aid to Families with Dependent Children benefits (“AFDC” benefits) under 106 Code Mass. Regs. §304.135. The plaintiff contends that the Department’s decision to deny AFDC benefits to her and her family and the Department’s calculation of the plaintiffs period of ineligibility are, respectively, unsupported by substantial evidence and erroneous as a matter of law. This court disagrees and, for the reasons stated infra, the decision of the Department is AFFIRMED.[1]
FACTUAL AND PROCEDURAL BACKGROUND
On May 3, 1995 the plaintiffs husband, Hung Do, received a worker’s compensation settlement award. That award represented a settlement totalling twenty-three thousand, nine hundred and fifty five dollars ($23,955.00). (Hearing Decision p.2.)
On May 5, 1995 plaintiffs application for AFDC benefits was filed with the Department. Id. Between May 5, 1995 and May 8, 1995, the plaintiffs husband used the entire proceeds of his May 3 worker’s compensation award to pay back loans allegedly made to him before May 5, 1995. Id.
On July 18, 1996 the plaintiff was notified by the Department that her May 5, 1995 application was denied.[2] The Department’s reason for denying the application, according to its notice, was the plaintiffs failure to comply with 106 Code Mass. Regs. §304.135, the “Transfer of Assets” rule. The notice of denial also recited that the Department had relied on 106 Code Mass. Regs. §304.135 to determine that the plaintiffs ineligibility for AFDC and similar programs would endure until May 1998. (Hearing Decision p.3.) At bottom, the Department determined that the plaintiff s husband transferred the proceeds of his worker’s compensation settlement in order that she might qualify for AFDC in violation of the “Transfer of Assets” regulation, 106 Code Mass. Regs. §304.135.
Plaintiff sought a “fair hearing” review of the Department’s decision. After that hearing, the Hearing Officer made findings of fact reciting that the documents submitted by plaintiff as proof of existing loans were “not credible, objective evidence of any legal obligation incurred by the household.” (Hearing Decision p.3.) For that reason, the Hearing Officer affirmed the Department’s decision denying plaintiff AFDC benefits until May of 1998. Id.
DISCUSSION
I. THE PROCESS OF REVIEW
Superior Court Standing Order 1-96(4) provides that a motion for a judgment on the pleadings under Mass.R.Civ.P. 12(c) is the proper method to resolve an action for judicial review of an administrative decision. The effect of such a motion is to challenge the legal sufficiency of the complaint. Wilson v. Commonwealth, 31 Mass.App.Ct 757, 763, aff'd, 413 Mass. 352 (1992). In ruling on such a motion, the court must determine whether, “taking all of the plaintiffs’ factual allegation as true, they are legally sufficient to make out a claim.” Id. We shall assess plaintiffs challenge to the Department’s decision from that perspective.
In determining whether the allegations are legally sufficient, a court, ruling on a complaint for judicial review under G.L.c. 30A, is confined to the record of the administrative hearing unless procedural irregularities are alleged. G.L.c. 30A §14(5); LeMaine v. City of Boston, 27 Mass.App.Ct. 1173, 1174 (1989). At bar, plaintiff does not allege any procedural irregularity and, therefore, this court’s review will be confined to the record of the administrative agency.
A. Burden of Proof Rests Upon Appellant
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Faith Assembly of God of South Dennis and Hyannis, Inc. v. State Bldg. Code Comm’n, 11 Mass.App.Ct. 333, 334 (1987). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. G.L.c. 30A §14(7); Iodice v. Architectural Access Bd., 424 Mass. 370, 375-76 (1997). ‘This standard of review is highly deferential to the agency on questions of fact and reasonable inferences drawn therefrom.” Flint v. Commissioner of Public Welfare, 412 Mass. 416, 420 (1992) citing, Massachusetts Mun. Elec. Co. v. Energy Facilities Siting Council, 411 Mass. 183, 199 (1991). Accordingly, this Court will accord value to the agency’s experience and expertise.
B. The Standard of Review: Substantial Evidence Supporting Agency Decision
In the face of an insufficient evidence challenge, the agency’s decision must be upheld if there exists sub *522 stantial evidence to support it. Hickey v. Commissioner of Public Welfare, 38 Mass.App.Ct. 259, 262 (1995). “Judicial inquiry under the substantial evidence test is limited to the determination of whether, within the record developed before the administrative agency, there is such evidence as a reasonable mind might accept as adequate to support the agency’s conclusion." Massachusetts Oilheat Council v. Department of Pub. Util., 418 Mass. 798, 805-06 (1994), quoting, Seagram Distillers Co. v. Alcoholic Bev. Control Comm’n, 401 Mass. 713, 721 (1988). For the reasons set forth in II, infra, the instant record reflects the requisite “substantial evidence.”
II.THE “TRANSFER OF ASSETS” RULE
Plaintiff argues that repayment of her husband’s loans do not constitute a “transfer” within the meaning of the “Transfer of Assets” regulation, 106 Code Mass. Regs. §304.135. Rather, plaintiff contends, the disbursements were a repayment of legal obligations incurred before her application was filed with the Department and are not, therefore, grounds for denying her those benefits to which she would otherwise be entitled.
According to 106 Code Mass. Regs. §304.135(B)(1), however, “if within twelve months prior to applying for AFDC, a member of the filing unit transfers income and/or assets for its fair market value . . . and the transfer was for an extraordinary expense ... , it will be presumed that the transfer was made to obtain AFDC” unless the presumption is rebutted. The Department determined that the husband’s disbursement of the entire worker’s compensation award triggered the presumption and thus, absent rebuttal, disqualified plaintiff, and her family from receiving AFDC benefits.
The record of the “fair hearing” indicates that the Hearing Officer allowed plaintiff an opportunity to present evidence to rebut the presumption that the several disbursements of the worker’s compensation award had been made in order to obtain AFDC.[3] Plaintiff submitted handwritten letters as evidence of the debt to those persons who allegedly loaned money to plaintiffs husband. (Hearing Decision p.2.) Plaintiff contends that it was in satisfaction of those loans that her husband’s worker’s compensation award was expended and that, therefore, the expenditure was not for the purpose of her obtaining AFDC. The evidence presented by plaintiff does not, however, support her contention.
In order to qualify as a loan and a non-countable asset for AFDC purposes, the loan must be “verified by a written document, signed by the borrower and the lender, that expresses the borrower’s intent to repay and conditions of repayment, the terms of which specify the purpose of the loan and preclude its use to meet current living costs.” 106 Code Mass. Regs. §304.140(H). The documents offered at bar did not satisfy that requirement.
The Hearing Officer considered the documents, submitted by plaintiff as proof of existing loans, to be “not credible, objective evidence of any legal obligation incurred by the household. They are more properly considered receipts and are not objective evidence of a legal obligation.” (Hearing Decision p.3.) Thus, the decision below rested on the plaintiffs failure to rebut, by appropriate evidence, the presumption that the transfer was for the purpose of obtaining AFDC benefits.
In reviewing the agency decision, the court must, as noted supra, give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. G.L.c. 30A §14(7); Iodice v. Architectural Access Bd., 424 Mass. 370, 375-76 (1997). “Responsibility for determining credibility and weight of conflicting evidence rests solely with the administrative agency.” Starks v. Director of Div. of Employ. Sec., 391 Mass. 640, 643 (1984). “[The] administrative agency is the sole judge of the credibility and weight of evidence before it during the administrative proceeding.” Number Three Lounge, Inc. v. Alcohol Beverage Consumption Comm’n, 7 Mass.App.Ct. 301, 309 (1979). Application of that analytical perspective to the evidence at bar compels the conclusion that the Department properly denied the plaintiffs application for AFDC for the reason that plaintiffs evidence was manifestly unpersuasive.
III. Calculation of Ineligibility Period
Plaintiff also contends that, when calculating her period of ineligibility for AFDC benefits, the Department failed to take into account the fact that an AFDC household is allowed to have $1,000 in assets without forfeiting financial eligibility for the program.[4]
The Hearing Officer determined that, as a matter of law, the Department’s calculation of the period of ineligibility was in accordance with 106 Code Mass. Regs. §304.135(D). (Hearing Decision p.3.) The “Transfer of Assets” regulation, under which the instant determination of plaintiffs entitlement was made, does not permit an AFDC household to have $1,000 in assets and still retain financial eligibility for the program. Id. Accordingly, the Hearing Officer concluded that the Department’s regulations do not contemplate the “initial disregard” of assets that plaintiff urged for persons, such as plaintiff, who are subject to the “Transfer of Assets” rule.
The court finds no error of law in the Department’s or the Hearing Officer’s calculation of the ineligibility period.
IV. Equal Protection Considerations
Pursuant to G.L.c. 30A §14(7)(a), the plaintiff also seeks judicial review of the constitutionality of the Department’s determination of the plaintiffs ineligibility period. Plaintiff argues that, by not considering the $1,000 “initial disregard” when calculating the ineligi *523 bility period, the Department has violated the Equal Protection provisions of the Fourteenth Amendment to the United States Constitution. Plaintiff contends that the Department’s decision violated her Equal Protection rights because families receiving AFDC are allowed to retain $1,000 in assets, but the Department’s ‘Transfer of Assets” regulation excludes consideration of that disregard amount, thus impermissibly treating applications reviewed under the ‘Transfer of Assets” regulation differently than other AFDC applications.[5]
The court finds persuasive the Department’s response that the distinction between the regulations governing AFDC eligibility and the ‘Transfer of Assets” regulation invoked at bar does not comprise an unconstitutional discrimination. In Dandridge v. Williams, 397 U.S. 471 (1970), the United States Supreme Court addressed the question of the constitutional validity, under the Equal Protection clause, of welfare regulations which establish categories of recipients. The Court held that welfare benefits “enjoy no constitutionally protected status.” Id. at 484; see also Weinberger v. Salfi, 422 U.S. 749, 772 (1975). Plaintiff should expect no different treatment from this court than was accorded the issue by the United States Supreme Court.
The United States Court of Appeals for the First Circuit has also discussed a challenge to the constitutionality of welfare legislation. In Baker v. City of Concord, 961 F.2d 744 (1st Cir. 1990), the Court placed on the challenger the “burden of proving that a state regulation is not rationally related to a legitimate governmental interest.” Id. at 748; citing Minnesota v. Clover Leaf Creamery Co., 449 U.S. 456, 464, 101 S.Ct. 715, 723-24 (1981). At bar, the challenger has not borne that burden. Plaintiff has presented no support for her contention that the provisions of the ‘Transfer of Assets” regulation, which differ from those of other regulations permitting the initial disregard, are not rationally related to the management and administration of the Commonwealth’s AFDC program. Her constitutional contention must, therefore, fail.
ORDER
For the foregoing reasons, it is hereby ORDERED that the decision of the Department be AFFIRMED.

 Plaintiff has failed to file a motion for judgment on the pleadings pursuant to Superior Court Standing Order No. 1-96(4), and, therefore, the court relies upon the memorandum submitted by plaintiff to divine the claims upon which review is sought under G.L.c. 30A §14(7). Defendant is not prejudiced by this departure from practice because, even under the aberrant procedure at bar, defendant prevails.

 The parties have agreed that an initial review and denial of plaintiffs application conducted by the Department in May, 1995 was founded upon an inappropriate regulation, the so-called “Lump Sum” rule, with regard to Mr. Do’s worker’s compensation award. On June 14, 1996, following a “fair hearing” in which the Division of Hearings affirmed the Department’s decision, a stipulation for dismissal was entered in Worcester Superior Court. Under that stipulation the Department agreed to vacate the previous appeal decision and redetermine the appellant’s AFDC eligibility giving consideration to the ‘Transfer of Assets” rule.
After re-evaluating plaintiffs application, the Department, on July 18, 1996, notified her that her original AFDC application of May 5, 1995 was being denied and the instant review proceedings ensued.

 The Hearing Officer permitted the record to remain open for one week to afford plaintiff an opportunity to supply evidence in rebuttal.

 In November, 1995 the amount of assets initially to be disregarded by the Department when reviewing an application for AFDC was raised from $1,000 per household to $2,500 per household. For the reasons stated in text, that change in the retained assets figure is immaterial to the case at bar.

 The Hearing Officer refused to address this argument as one more properly raised in a court of appropriate jurisdiction. (Hearing Decision p.3.)