Lauriat, J.
The plaintiff, Edward A. Scigliano (“Scigliano”) has appealed, pursuant to G.L.c. 30A, §14, from a decision of the defendants, James J. Harnett, Jr., Marilyn Rollins, Nicholas Roussos, Daniel Harrington, and Kevin Tivnan, as they are Commissioners of the Massachusetts Civil Service Commission (the “Commission”), upholding the decision of the Quincy Police Department to bypass Scigliano for appointment as a police officer for the City of Quincy. Scigliano amended his complaint to include James A. Sheets, as he is the Mayor of Quincy, as well as the City of Quincy (collectively “Quincy”). Scigliano has now moved for judgment on the pleadings, asserting that the Commission’s decision was not *760 supported by substantial evidence. The Commission has cross-moved for judgment on the pleadings, arguing that its decision was supported by substantial evidence. Quincy has also cross-moved for judgment on the pleadings, contending that the decision was supported by substantial evidence and that Scigliano has failed to allege that Quincy has violated any law. For the following reasons, Scigliano’s motion is DENIED and the Commission’s motion is DENIED. The decision of the Commission is VACATED, and the case is REMANDED back to the Commission for a further hearing in accordance with this decision. Quincy’s motion for judgment on the pleadings is ALLOWED.
BACKGROUND
In December 1992, the Commonwealth of Massachusetts issued a certification to the City of Quincy for eighteen full-time permanent police officer positions. Scigliano applied for one of the eighteen positions. As part of the hiring process, the Quincy Police Department conducted interviews with the applicants and performed background investigations. On February 9, 1993, Lt. Norman Goyette, Administrative Assistant to the Chief, recommended that Scigliano not be appointed. As a result, the City of Quincy did not appoint Scigliano.
Scigliano appealed the decision to the Commission. On November 9, 1995, the Commission held a hearing on the bypass of Scigliano for appointment as a permanent police officer in the City of Quincy. The Commission concluded that the City of Quincy had sufficient reasons for bypassing Scigliano and denied his appeal on June 3, 1996.
The Clerk of the Commission prepared a certified Administrative Record (the “Record”). The transcript of the hearing is not incorporated into the Record. The Record includes, among other things, letters of recommendations and an application. There is only one document that contains negative reviews of Scigliano. This document is referred to as the candidate summary (the “Summary”).
The Summary is a detailed, single-spaced, nine-page statement of what the Quincy Police Department learned about Scigliano. The Summary is replete with detailed accounts of Scigliano’s alleged unprofessional and criminal conduct. The Summary is written in the first person, however, there is no indication of who wrote the Summary. It appears to be anonymous. The Commission admits that this Summary, along with all other relevant evidence, are the grounds upon which it based its decision. There are no other documents in the Record that contain negative remarks regarding Scigliano’s candidacy.
DISCUSSION
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Public Welfare, 412 Mass. 416, 420 (1992). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School District v. Labor Relations Commission, 386 Mass. 414, 420-21 (1982), citing Olde Town Liquor Store, Inc. v. Alcoholic Beverages Control Commission, 372 Mass. 152, 154 (1977). A court may not dispute an administrative agency’s choice between two conflicting views, even though the court would justifiably have made a different choice had the matter come before it de novo. Zoning Board of Appeals of Wellesley v. Housing Appeals Committee, 385 Mass. 651, 657 (1982).
In reviewing the decision of the agency, the court must consider “the entire record, or such portion of the record as may be cited by the party.” G.L.c. 30A, §14(7). In order for the Commission’s determination to be sustained on appeal, its decision must be supported by substantial evidence. G.L.c. 30A, §14. Moreover, absent clear error, the agency’s interpretation of its own rules is entitled to deference. Massachusetts Auto Body Association v. Commissioner of Insurance, 409 Mass. 770, 781 (1991). Such an interpretation will be overturned “only if it is arbitrary, unreasonable or inconsistent with the plain terms of the rule itself.” Id.
I.
Scigliano argues that the Commission’s decision is not supported by substantial evidence, whereas the Commission contends the opposite. The Commission based its decision on the Summary contained in the Record.[1] “Substantial evidence” means such evidence as a reasonable mind might accept as adequate to support a conclusion. Salaam v. Comm'r of the Dept. of Transitional Assistance, 43 Mass.App.Ct. 38, 39 (1997), citing G.L.c. 30A, §1(6); Arnone v. Comm’r of the Dept. of Social Services, 43 Mass.App.Ct. 33, 34 (1997). “Consideration of whether an agency decision is supported by substantial evidence is on the entire administrative record, and takes into account whatever in the record fairly detracts from the evidence’s weight.” Arnone, 43 Mass.App.Ct. at 34; Salaam, 43 Mass.App.Ct. at 39. The Commission asserts that the facts contained in the Summary is the very substantial evidence which it used to conclude that Scigliano should not be appointed to the position of police officer. The Summary contains the following facts: (1) Scigliano lied during his interview; (2) he was forced to resign from the State Police Academy; (3) he falsely testified in a friend’s operating under the influence case that he had all the powers of a Boston police officer, and he wore a security guard uniform while testifying; (4) two of Scigliano’s former supervisors stated that they would not re-hire him if given the opportunity; (5) Scigliano’s former Army training offi *761 cer offered a poor recommendation; (6) he fired a revolver out of a civilian vehicle while riding down a public way; and (7) he would recount stories to his friends of pulling vehicles over on the roads as a non-police officer, by activating his blue wig-wag police lights on his personal vehicle, and then suddenly driving away laughing.[2]
This Court notes that if the facts set forth in the Summary are accurate, it would affirm the Commission’s decision. In the record before this Court, however, there is no evidence of who wrote the Summary. As a result, the Summary has no indicia of credibility. A reasonable mind cannot draw a conclusion based on an anonymous summary that is in itself hearsay. “Mere uncorroborated hearsay or rumor does not constitute substantial evidence.” Embers of Salisbury, Inc. v. Alcoholic Beverages Control Com'n, 401 Mass. 526, 530 (1988), citing Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 230 (1938). When considering hearsay evidence the administrative agency should also consider the hearsay evidence’s reliability. See Embers, 401 Mass. at 530, citing Richardson v. Perales, 402 U.S. 389, 407-08 (1971).
If the author of the Summary were identified and swore to the accuracy of the account, this court would affirm the Commission’s decision as based on substantial evidence. In the alternative, if the record contained additional documentation of first-person accounts of Scigliano’s history, the court would also affirm the Commission’s decision. In the absence of such information, the court must deny both Scigliano’s motion and the Commission’s motion at this time. The Commission’s decision is vacated and the case is remanded for a rehearing so that the Commission may consider evidence that is reliable.
II.
Quincy has moved for judgement on the pleadings on the ground that the Commission’s decision was based on substantial evidence. Quincy’s motion for judgment on the pleadings based on this argument is denied for the reasons set forth above.
Quincy further ásserts that the court should grant its motion for judgment on the pleadings because the Amended Complaint fails to allege that Quincy violated any law. The effect of a motion for judgment on the pleadings, pursuant to Mass.R.Civ.P. 12(c), is to challenge the legal sufficiency of the complaint. Wilson v. Commonwealth, 31 Mass.App.Ct. 757, 763 (1992), affirmed in part and reversed in part, 413 Mass. 352. The court must determine whether, after taking all of the plaintiffs factual allegations as true, they are legally sufficient to make out a claim. Wilson, 31 Mass.App.Ct. at 763, citing, Minaya v. Mass. Credit Union Shares Ins. Corp., 392 Mass. 904, 905 (1984).
Scigliano brought this action pursuant to G.L.c. 31, §44, and G.L.c. 30A, §14. The Amended Complaint names Quincy as defendant, however, it does not allege that Quincy’s decision not to hire Scigliano violated a law. Additionally, Scigliano’s cause of action is for review of the Commission’s decision and not review of Quincy’s initial decision to bypass Scigliano. Accordingly, Scigliano has not stated a claim against Quincy, and judgment on the pleadings shall enter in favor of Quincy.
ORDER
For the foregoing reasons, Plaintiffs Motion for Judgment on the Pleadings is DENIED and the State Defendants’ Cross-Motion for Judgment on the Pleadings is also DENIED. The decision of the Civil Service Commission is VACATED, and the case is REMANDED to the Commission for a further hearing in accordance with this decision. Defendants Sheets and the City of Quincy Counter Motion for Judgment on the Pleadings is ALLOWED.

The Commission stated in its decision that it also considered all other relevant evidence. This court, however, must restrict its review to what is contained in the Record. G.L.c. 30A, §14(7). Since the transcript of the hearing is not contained in the Record, it cannot be considered in this review. Additionally, although the Commission states that it considered all relevant information, its only references are to facts that are only contained in the Summary.

This is not an exhaustive list of Scigliano’s alleged unprofessional and criminal behavior contained in the Summary.