Toomey, J.
Plaintiff, James B. Bigwood, filed this complaint pursuant to G.L.c. 30A and seeks judicial review of a decision rendered by the Contributory Retirement Appeal Board (CRAB). CRAB affirmed the decision of the State Retirement Board (SRB) denying Bigwood’s G.L.c. 32 request to be awarded credit for out of state teaching. Bigwood now alleges that the administrative decision was based upon an error of law. This matter is before the court on Bigwood’s motion for judgment on the pleadings. For the reasons that follow, Bigwood’s motion is ALLOWED and CRAB’s decision is REVERSED.
BACKGROUND
Bigwood has been employed as an Institutional School Teacher in the Division of Inmate Training and Education at MCI Gardner since 1982. As such, he is a member of the retirement system administered by the State Retirement Board. Prior to commencing his current employment, Bigwood was a teacher in the Keene, NH public school system.
By letter dated October 30, 1997, Bigwood requested an opportunity, pursuant to G.L.c. 32, §3(4), to buy back his time as a teacher in New Hampshire— that is, to contribute an appropriate dollar amount to the Commonwealth reflective of his New Hampshire teaching years in order to obtain retirement credits for those years. On November 20, 1997, the SRB denied his request because, under its interpretation of G.L.c. 32, §3(4), Bigwood’s current teaching position at MCI Gardner was not at a “school or college.” Bigwood appealed the SRB’s decision to the Division of Admin *720 istrative Law Appeals. A hearing was held on February 17, 1999 before Administrative Magistrate Sarah H. Luick. Magistrate Luick, by decision dated May 21, 1999, concluded that Bigwood was indeed teaching at a “school or college" as required by the statute; accordingly she rescinded the SRB’s denial of Bigwood’s "buy back” request.
On June 2, 1999, the SRB appealed the Magistrate’s decision to CRAB. On September 10, 1999, CRAB adopted the Magistrate’s findings of fact, but, nevertheless, rejected her conclusion that Ford worked for a “school or college.’’ CRAB found that “[Ford was] employed to teach in a prison [and] [t]he requirement that he be certified as a teacher and that he is instructing inmates in a state facility does not make his place of employment a school or college.” CRAB then affirmed the decision of the SRB denying Bigwood’s request. Bigwood now appeals CRAB's decision to this court.
DISCUSSION
Superior Court Standing Order 1-96(4) provides that a motion for judgment on the pleadings is the proper method to resolve an action for judicial review of an administrative decision. The effect of such a motion, brought pursuant to Mass.R.Civ.P. 12(c), is to challenge the legal sufficiency of the complaint. Wilson v. Commonwealth, 31 Mass.App.Ct. 757, 763, aff'd, 413 Mass. 352 (1992). In ruling on the motion, the court must determine whether, “taking all of the plaintiffs factual allegations as true, they are legally sufficient to make out a claim.” Id.
In determining whether the allegations are legally sufficient, a court ruling on a complaint for judicial review under G.L.c. 30A is confined to the record of the administrative hearing unless procedural irregularities are alleged. G.L.c. 30A, §14(5); LeMaine v. City of Boston, 27 Mass.App.Ct. 1173, 1174 (1989). Because Bigwood does not allege any procedural irregularity, this court’s review will perforce be confined to the four corners of the record of the administrative agency.
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab., 27 Mass.App.Ct. 470, 474 (1989). In reviewing the agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. G.L.c. 30A, §14(7); Iodice v. Architectural Access Bd., 424 Mass. 370, 375-76 (1997). “This standard of review is highly deferential to the agency on questions of fact and reasonable inferences drawn therefrom.” Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992). Courts are not, however, bound by erroneous administrative constructions of law. Lexington Educ. Ass’n. v. Town of Lexington, 15 Mass.App.Ct. 749 (1983). This court will employ that perspective in its assessment of Bigwood’s claim.
Bigwood asserts that CRAB’s decision is based upon an error of law as he currently teaches at a “school or college” within the orbit of G.L.c. 32, §4(3). He argues that CRAB’s conclusion that his present employment falls outside the statutory definition of “teaching ... in a school or college" is an erroneous application of the legislation, an error of law that this court ought to remedy. The court concurs.
G.L.c. 32, §3(4) provides in relevant part that any member of the retirement system “who is employed in a teaching position ... in a school or college . . . who had rendered service in any other state ... as a teacher ...” may buy back out-of-state teaching time. There is no definition of “school” or “college” recited in the statute, nor have those terms been defined by any reported judicial decisions. Nonetheless, after review of the administrative record and analogous provisions of law, this court is of the view that Ford is employed at a “school” or “college” within the contemplation of the statute.
The administrative record indicates that Bigwood is a certified teacher in Massachusetts. He serves as an institutional school teacher at MCI Gardner teaching five subjects — mathematics, science, social studies, reading and literature — to students, aged 16 years and up, who wish to obtain their GED diplomas. He teaches five days a week from 7:30 am until 3:30 pm. The program runs from September to June and involves a 180 day school year. His direct supervisor is a certified principal. The program in which he teaches is funded by the state. He is a “teacher” within the fullest sense of the word.
The DOC has promulgated regulations governing inmate training and education. Pursuant to the regulations, all inmates are afforded access to academic programs. Daily attendance forms are compiled and inmates are evaluated academically. Teachers serving such programs are required to be certified by the commonwealth and are evaluated by a certified principal. Bigwood’s teaching is accomplished in that regulatory context.
We are not wholly without precedent in resolving this dispute as to the reach of the words “teaching . . . in a school or college.” In 1981, the State Ethics Commission ruled that “teaching part-time during the evenings at Walpole State Prison constitutes ‘teaching in an educational institution of the commonwealth’ and is permitted under the new amendment to Chapter 268A.”[1] Administrative Record at p.19. And, in 1994, the Department of Corrections requested an opinion from the Department of Education as to whether the persons providing services within the Division of Inmate Training and Education were employed by “educational institutions” as that term was used in G.L.c. 151A.[2] In response, the Department of Education opined that the services provided by the *721 Division of Inmate Training and Education fell “within the meaning of ‘education’ as interpreted by the courts.” Administrative Record at p.21.
The Department of Education relied on Gardner-Athol Area Mental Health Association, Inc. et al. v. Zoning Board of Appeals of Gardner, 401 Mass. 12 (1987), and Harbor Schools, Inc. et al. v. Board of Haverhill, 5 Mass.App.Ct. 600 (1977), in support of the latter opinion. In those cases, the courts determined that "education” or “educational” cannot be limited to the traditional school setting and must be viewed as including facilities that provide residential rehabilitative services to emotionally disturbed children, Harbor Schools, 5 Mass.App.Ct. at 605-06, or residential vocational and mental health services to adults. Gardner-Athol, 401 Mass. at 13. Furthermore, in 1997, the Department of Employment and Training opined that “the program provided by the DOC’s Division of Inmate Training and Education is a public education program and should be considered as an educational institution” under G.L.c. 151A, §28A. Administrative Record at p.22. In so finding, DET relied upon the fact that the DOC had established schools within various correctional facilities, that each school operated on a 180-day year from September to June, that each school employed certified teachers who in turn were supervised by certified principals and that each school qualified for educational funding from the state. This court will join with the authorities cited supra to afford the instant statutory language broad meaning especially in view of the absence of legislative intent to the contrary.
The findings of Magistrate Luick, adopted by CRAB, persuade this court that Bigwood teaches at a “school” or “college” within G.L.c. 32. State agencies have opined that teaching at a prison constitutes teaching at an educational institution. It is difficult to conceive of an educational institution that is not also a school or college. Bigwood is a certified teacher and is supervised by a certified principal as are teachers in more traditional schools throughout the commonwealth. The institution offers and Bigwood teaches subjects that are taught in traditional school settings. The program runs during the same time and for the same length as do traditional schools. Attendance lists are compiled and students are evaluated academically as are students in traditional school settings. The program is funded by taxpayers as are traditional public schools.
There seems no good reason not to label Bigwood's place of teaching a school or college. Although Bigwood enters through the doors of a prison each day to perform his teaching duties, it does not follow that the prison is not serving, in addition to its primary custodial role, as a school or college. See Black’s Law Dictionary 1206 (5th ed. 1979) (school is defined as “(a]n institution or place for instruction or education”). MCI Gardner is, for present purposes at least, a “place for instruction or education” and, hence, a “school or college,” as those terms appear in G.L.c. 32, §3(4).
Accordingly, this court finds that CRAB’s decision that Bigwood is not employed by a “school or college” to be erroneous as a matter of law.
ORDER
For the above reasons, Bigwood’s motion for judgment on the pleadings is ALLOWED.

 Chapter 268A governs the conduct of public officials and employees.

Chapter 151A governs the Department of Employment and Training.